737 S.E.2d 489

**In the Matter of Charles V.B. CUSHMAN, Respondent.**

Appellate Case No. 2012–213490.

No. 27209.

Supreme Court of South Carolina.

Submitted Dec. 10, 2012.

Decided Jan. 16, 2013.

Lesley M. Coggiola, Disciplinary Counsel, and Barbara M. Seymour, Deputy Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

---

J. Steedley Bogan of Bogan Law Firm, of Columbia, for respondent.

PER CURIAM.

In this attorney disciplinary matter, the Office of Disciplinary Counsel and respondent and have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, respondent admits misconduct and consents to the imposition of a public reprimand or definite suspension from the practice of law for up to six (6) months. We accept the Agreement and issue a public reprimand. The facts, as set forth in the Agreement, are as follows.

## *Facts*

From 1987 until 2012, respondent was employed as a city prosecutor. During that time, respondent continued the practice of previous city prosecutors which involved dismissing criminal charges in certain types of cases in exchange for payments from the defendant to a city "drug fund." In 2003, the Chief Justice of the Supreme Court of South Carolina issued an order stating that the use of pretrial diversion programs without the authority or consent of a solicitor was prohibited. Respondent reviewed the order at the time and concluded it did not apply to his drug fund "donation" practice. He did not seek advice from others and did not seek clarification from the Chief Justice.

In 2011, the solicitor contacted respondent and expressed his concern that respondent's practice of dismissing cases in exchange for "donations" was illegal and should be stopped. Respondent conducted some research, but concluded the practice was appropriate. He did not seek the advice of others, seek clarification from the Chief Justice, and he did not consult further with the solicitor.

On September 9, 2012, a warrant was issued for respondent's arrest on a charge of Misconduct in Office, stating that "he did breach [his official] duties by intentionally dismissing and/or Nolle Prossing [sic] criminal charges under the condi-

tion that a 'donation' be made by the defense to the City of Camden Drug Fund." On September 27, 2012, the Court placed respondent on interim suspension.[1] On November 8, 2012, respondent pled guilty to violating South Carolina Code Ann. § 40–5–510 (2011).

Respondent admits he sought "donations" to the city drug fund in cases he believed he could not successfully prosecute. Ordinarily, the amount of the "donation" collected was approximately the equivalent of the fine the defendant would have paid if the defendant was found guilty. Respondent used this method of resolution to punish defendants in cases that, in all likelihood, would have resulted in acquittal.

Respondent further admits that his practice of dismissing criminal charges in exchange for "donations" to the city drug fund was an unauthorized diversion program, although he believed the practice to be appropriate based on the conduct of his predecessors. He further admits that he failed to comply with the Chief Justice's 2003 order, that he should have ceased the practice immediately after issuance of the 2003 order, and sought advice and/or clarification at the time. In addition, respondent admits he improperly ignored the solicitor's concerns in 2011, that he should have ceased the practice then, and sought appropriate advice and or clarification after contact from the solicitor.

### *Law*

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 3.1 (lawyer shall not assert frivolous claim unless there is basis in law for doing so); Rule 3.8(a) (prosecutor in criminal case shall refrain from prosecuting charge that prosecutor knows is not supported by probable cause); Rule 8.4(b) (it is professional misconduct for lawyer to commit criminal act that reflects adversely on lawyer's honesty, trustworthiness or fitness as lawyer in other respects); and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct that is prejudicial to the administration of justice).

---

1. *In the Matter of Cushman,* Order filed September 27, 2012 (Shearouse Adv. Sh. No. 35 at p. 43).

Respondent also admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct); Rule 7(a)(4) (it shall be ground for discipline for lawyer to be convicted of a crime of moral turpitude or a serious crime); and Rule 7(a)(7) (it shall be ground for discipline for lawyer to willfully violate valid court order issued by a court of this state).

## Conclusion

We find respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement and publicly reprimand respondent for his misconduct. Respondent's interim suspension is hereby lifted.

**PUBLIC REPRIMAND.**